DANIEL C. SNYDER (Oregon State Bar No. 105127)
*Pro hac vice* application forthcoming
LAW OFFICES OF CHARLES M. TEBBUTT, P.C.
941 Lawrence Street
Eugene, Oregon 97401
Telephone:    (541) 344-3505
Facsimile:    (541) 344-3516
dan@tebbuttlaw.com

LAURA D. BEATON (California State Bar No. 294466)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:    (415) 552-7272
Facsimile:    (415) 552-5816
Beaton@smwlaw.com

Attorneys for Plaintiff US RIGHT TO KNOW

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| US RIGHT TO KNOW, a California Non-Profit Corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendant. | Case No. 3:20-cv-9117<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act |

# INTRODUCTION

1. This action, through which Plaintiff US Right to Know ("USRTK" or "Plaintiff") seeks access to government records held by Defendant United States Department of Education ("Education Department," "Agency," or "Defendant") is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and Education Department FOIA regulations promulgated thereunder, 34 C.F.R. Subpart C – "Procedures for Requesting Access to Agency Records and Disclosure of Agency Records." This action challenges the unlawful failure of the Defendant to abide by the statutory requirements of the FOIA and the Agency's own implementing regulations.

2. Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Request; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; (Count III) unlawfully failing to grant USRTK's request for a fee waiver under the FOIA; and (Count IV) failing to provide an "estimated date of completion" despite multiple requests.

3. The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4. USRTK seeks declaratory relief establishing that the Defendant has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing Defendant to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award it its reasonable attorneys' fees and costs incurred in bringing this action.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" USRTK both resides and maintains its principal place of business in the Northern District of California.

6. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 et seq.

**INTRADISTRICT ASSIGNMENT**

7. Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8. Under the FOIA, 5 U.S.C. section 552(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has its principal place of business."

9. Plaintiff resides in the County of San Francisco.

10. Plaintiff has its principal place of business in the County of San Francisco.

11. As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

**PARTIES**

12. Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California. USRTK is a public interest, investigative research group focused on promoting transparency for public health. USRTK works nationally and globally to expose corporate wrongdoing and government failures that threaten the integrity of food systems, the environment, and human health.

15. Defendant is an "agency" under the FOIA, the records sought are "records" under the FOIA, and because Defendant is in possession and control of the records sought by USRTK, Defendant is subject to the FOIA pursuant to 5 U.S.C. section 552(f).

//

## LEGAL FRAMEWORK

16. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

17. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

18. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 34 C.F.R. § 5.21(e). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

19. Permissible "unusual circumstances" are limited to: (1) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (3) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein. 5 U.S.C. § 552(a)(6)(B)(iii); 34 C.F.R. § 5.21(e)(1)-(3).

20. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id*.; 34 C.F.R. § 5.21(e).

21. In some circumstances, the FOIA allows an agency to invoke an extension beyond ten

days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 34 C.F.R. § 5.21(e).

22. As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii).

23. FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l); 34 C.F.R. § 5.21(f).

24. Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i).

25. "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

26. If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

27. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

28. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable search efforts" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

29. In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

30. Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

31. An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

32. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(E)(iii).

33. An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, fees "shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(E)(ii)(III).

34. Agencies are prohibited from assessing search fees if the agency fails to comply the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(E)(viii).

## STATEMENT OF OPERATIVE FACTS

35. USRTK submitted a FOIA Request (the "Request") to the Education Department on July 6, 2020. The Request sought a waiver of all fees associated with processing the Request. A copy of the Request is attached hereto as Exhibit A.

36. The Request seeks records requested from the University of Texas by the Education Department in an April 24, 2020 letter from the Education Department's Office of General Counsel to

the Office of the Chancellor for the University of Texas System. The April 24, 2020 letter is attached hereto as Exhibit B.

37. USRTK has no commercial interest or value in records responsive to the Request.

38. The records requested by USRTK are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to the origins of the SARS-CoV-2 virus and the COVID-19 pandemic in the United States. In April 2020, the Department of Education launched an investigation into the financial ties between the University of Texas Medical Branch and entities in China, including the Wuhan Institute of Virology ("WIV") and other Chinese state and research institutions. The WIV may have information regarding the source of the novel coronavirus SARS-CoV-2, which is the cause of the disease COVID-19. Federal law (Section 117 of the Higher Education Act) requires universities to disclose contracts and gifts from foreign sources to the Department of Education worth at least $250,000.

39. USRTK has a demonstrated track record of obtaining and disseminating information obtained under the FOIA and state public records laws concerning public health. Since 2015, USRTK has obtained, posted online, and reported on thousands of industry and government documents gathered via public records requests. USRTK's work has contributed to three New York Times investigations, ten academic papers, nine articles in the BMJ, one of the world's top medical journals, and global media coverage documenting how food and chemical corporations impact public health and the environment. USRTK's staff has expertise in investigative journalism and advanced research, especially as it concerns impacts on human health.

40. USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <http://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the UCSF Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

41. The Request was received and acknowledged by the Education Department via email on July 7, 2020, and assigned tracking number 20-01981-F.

42. Having received no further response or acknowledgment, on August 17, 2020, USRTK wrote an email to the FOIA public liaison for the Education Department, requesting information about the processing of the Request, the expected date of completion on the Request, and whether USRTK could help expedite the Request.

43. On August 18, 2020, the Education Department's "FOIA Manager" sent USRTK an email stating that the "Request" was "pending," but provided no formal estimated date of completion.

44. On September 10, 2020, USRTK wrote again to the Education Department, asking the Agency to provide an estimated completion date on the Request.

45. On September 12, 2020, long after the FOIA's twenty-day determination deadline expired, the Education Department issued a "20-Day Notification" letter to USRTK. That letter did not identify a date upon which the Agency would complete processing on the Request. It also failed to inform USRTK of whether the Agency would comply with the Request, the reasons therefore, or apprise USRTK of its administrative appeal rights. At no point did that letter purport to invoke the FOIA's "unusual circumstances" exception to the statute's twenty-day determination deadline.

46. The Education Department's September 12, 2020 "20-Day Notification" letter was not a "determination" within the meaning of the FOIA, because it did not apprise USRTK of (1) the Agency's determination of whether or not it must comply with the request; (2) the reasons for the Agency's decision; and (3) notice of the right of USRTK to appeal the determination to the head of the Agency. 5 U.S.C. § 552(a)(6)(A)(i).

47. On September 30, 2020, the Agency provided USRTK with an email outlining the "status" of the FOIA Request. That email did not identify an estimated date of completion on which the Agency would produce records or otherwise complete processing of the Request.

48. On October 1, 2020, USRTK sent a formal request to Tiffany Tucker at the Education Department's FOIA Service Center requesting, again, that the Agency provide USRTK with a date by which it will complete action on the FOIA Request pursuant to 5 U.S.C. section 552(a)(7)(B)(ii).

49. Ms. Tucker replied on October 1, 2020, stating that she was "working" with the Office of the General Counsel "to get an estimated date of completion."

50. On October 8 and October 13, 2020, USRTK wrote again to Ms. Tucker, asking again that the Education Department provide the legally required estimated date of completion for the Request.

51. To date, no further communication has been received by USRTK from the Education Department about the Request.

52. To date, no estimated date of completion has been provided to USRTK by the Education Department.

53. To date, the Agency has not provided USRTK with a lawful "determination" that informs USRTK of (1) the Agency's determination of whether or not to comply with the Request; (2) the reasons for its decision; and (3) notice of the right of USRTK to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

54. The Agency has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

55. To date, the Agency has failed to issue a decision on USRTK's request for a waiver of fees associated with the processing of the Request.

56. To date, the Agency has not produced a single record responsive to the Request.

57. USRTK has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

58. USRTK has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT AND EDUCATION DEPARTMENT REGULATIONS:**

**FAILURE TO PROVIDE TIMELY FINAL DETERMINATION**

59. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

60. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with the FOIA. USRTK's rights in this regard were violated by the Education Department's failure to provide a timely and legally adequate final determination.

61. To date, USRTK has not received any written communication from the Education Department about whether the Agency will comply with the FOIA Request, the Agency's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i).

62. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines.

63. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

64. Defendant's failure to make a final determination on USRTK's FOIA Request within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

### COUNT II

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**

**UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS**

65. The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

66. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with FOIA.

67. USRTK's rights in this regard were violated when Defendant failed to promptly provide public, non-exempt records to USRTK, 5 U.S.C. sections 552(a)(3)(A), 552(b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. section 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material. 5 U.S.C. § 552(b).

68. Defendant is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

69. USRTK has constructively exhausted its administrative remedies with respect to this claim.

70. USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

71. Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

72. USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

73. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO TIMELY APPROVE USRTK'S FEE WAIVER REQUEST

74. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

75. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with FOIA.

76. USRTK's rights in this regard were violated by Defendant's unlawful delay in informing

USRTK of its decision concerning USRTK's request for a fee waiver.

77. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements and deadlines for fee waiver requests.

78. USRTK's request for a waiver of all fees associated with the FOIA Request is appropriate and satisfies all elements required for approval of a fee waiver.

79. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

80. Defendant's failure to make a timely determination on USRTK's fee waiver request has prejudiced USRTK's ability to timely obtain public records.

## COUNT IV

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:

## FAILURE TO PROVIDE ESTIMATED DATE OF COMPLETION

81. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

82. USRTK has a statutory right to have Defendant process its FOIA request in a manner that complies with FOIA.

83. USRTK's rights in this regard were violated by Defendant's unlawful failure to provide an estimated date of completion, as required by the FOIA, 5 U.S.C. section 552(a)(7)(B)(ii).

84. USRTK made multiple, repeated requests that Defendant provide an estimated date of completion over the many months following the Agency's acknowledgment of the FOIA Request. At no time has Defendant provided an estimated date of completion despite these multiple requests.

85. Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion on its FOIA requests.

86. Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

87. Defendant's failure to make a timely determination on USRTK's fee waiver request has prejudiced USRTK's ability to timely obtain public records.

## REQUEST FOR RELIEF

Wherefore, USRTK prays that this Court:

1. Order Defendant to promptly provide USRTK all of the information sought in this action and to immediately disclose the requested documents in unredacted format unless an exemption is properly claimed and properly applies.

2. Declare Defendant's failure to provide USRTK with a final determination as unlawful under the FOIA.

3. Declare Defendant's failure to promptly provide USRTK with all non-exempt records as unlawful under the FOIA.

4. Declare Defendant's failure to timely approve USRTK's request for a waiver of all fees associated with the FOIA Request unlawful, and order Defendant to approve USRTK's fee waiver request.

5. Declare Defendant's failure to provide USRTK with an estimate date of completion, as required by 5 U.S.C. section 552(a)(7)(B)(ii), unlawful under the FOIA.

5. Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

6. Grant such other and further relief to USRTK as the Court may deem just and proper.

DATED:  December 17, 2020                SHUTE, MIHALY & WEINBERGER LLP

By:      /s/    
LAURA D. BEATON

Attorneys for Plaintiff US RIGHT TO KNOW

1320063.1