# Exhibit B to Complaint

*US Right to Know v. United States Department of Education*
*Case No.* 3:20-cv-9117



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF THE GENERAL COUNSEL

April 24, 2020

James B. Milliken, Chancellor
Office of the Chancellor
The University of Texas System
210 West 7th St.
Austin, TX 78701

Re:   Notice of 20 U.S.C. § 1011f Investigation and Record Request/University of Texas System

Dear Chancellor Milliken:

Section 117 of the Higher Education Act of 1965 (20 U.S.C. § 1011f) requires institutions of higher education (IHEs), including the University of Texas System (UT), to fully report statutorily defined gifts, contracts, and/or restricted and conditional gifts or contracts from or with a foreign source to the U.S. Department of Education (Department).  These reports are posted at https://studentaid.ed.gov/sa/about/data-center/school/foreign-gifts.

According to UT's Medical Branch (UTMB), it is responsible for the operation of the Galveston National Laboratory (GNL) under UTMB's Institute for Human Infections and Immunity. GNL, in turn, has substantial contractual relations with a maximum biocontainment laboratory (MCL) in Wuhan, China (Wuhan MCL) (also known as the Wuhan Institute of Virology) which is upon information and belief owned by the Chinese government's Chinese Academy of Sciences. *See* https://www.utmb.edu/gnl/news/2018/11/28/scientific-diplomacy-and-international-cooperation-key-say-bsl4-directors; https://nationalinterest.org/blog/coronavirus/wuhan-institute-virology-origin-coronavirus-or-conspiracy-nonsense-144082; https://www.foxnews.com/world/wuhan-laboratory-china-coronavirus-controversy.  On November 28, 2018, GNL claimed in SCIENCE Magazine:

> We direct a newly constructed MCL in Wuhan, China (Z.Y.) and an established MCL in the United States (J.W.L), in Galveston, Texas. In preparation for the opening of the new China MCL, we engaged in short- and long-term personnel exchanges focused on biosafety training, building operations and maintenance, and collaborative scientific investigations in biocontainment. We succeeded in transferring proven best practices to the new Wuhan facility. Both labs recently signed formal cooperative agreements that will streamline future scientific and operational collaborations on dangerous pathogens, although funding for research and the logistics of exchanging specimens are challenges that we have yet to solve.

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-1100
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

James B. Milliken, Chancellor
University of Texas System
Page 2 of 6

https://www.utmb.edu/gnl/news/2018/11/28/scientific-diplomacy-and-international-cooperation-key-say-bsl4-directors.

      Between June 6, 2014, and June 3, 2019, UT reported approximately twenty-four contracts with various Chinese state-owned universities and ten contracts with Huawei Technologies, all purportedly worth a reported total of $12,987,896. It is not clear, however, whether UT has in fact reported all gifts from or contracts with or relating to the Wuhan MCL, the Wuhan Institute of Virology, and/or all other foreign sources, including agents and instrumentalities of the government of the Peoples' Republic of China.  Therefore, to verify UT's compliance with Section 117, the Department requests that your Institution produce the following records within thirty (30) days. Unless otherwise noted, the relevant time frame for these requests is January 1, 2012 through the present.

1. True copies of each gift or donation agreement, contract, and/or conditional gift or donation agreement or contract to which your Institution and the Wuhan MCL, the Wuhan Institute of Virology, or the Chinese Academy of Sciences are parties.

2. True copies of each gift or donation agreement, contract, and/or conditional gift or donation agreement or contract with or between your Institution and any of the following:

    a. BGp Inc.
    b. Educational Advisors Deda Co. Ltd.
    c. Xi'an Jintong University
    d. University of Beijing
    e. University of Shanghai
    f. Dalian Auto Tech. Inc.
    g. Huawei Technologies Co. Ltd.
    h. Tafel New Energy Tech Co. Ltd.
    i. Zhejiang Normal University
    j. ATEC Shenzhen Expressway Engineering
    k. Huawei Software Technologies Co. Ltd.
    l. Beijing Normal University
    m. Nanjing University
    n. China University of Mining and Technology
    o. Chengdu Technological University
    p. Sichuan University
    q. Southwest Jiaotong University
    r. Jilin University
    s. South China University of Technology
    t. China University of Petroleum
    u. Southwest Petroleum University
    v. Shandong University of Science and Technology
    w. The Communist Party of China, its agents, employees, representatives, and instrumentalities (including but not limited to the agents, employees, representatives, and instrumentalities of entities such as the Communist Party of

> China's Central Committee, Central Office, and Politburo Standing Committee; the General Office of the Central Military Commission; the Chinese Ministry of Education; the Chinese Ministry of Science and Technology; the People's Liberation Army; the Chinese Ministry of State Security; the Chinese Ministry of Industry and Information Technology; the Chinese Ministry of Foreign Affairs; the Chinese Ministry of National Defense; the Central Bank of the People's Republic of China; and any People's Republic of China province, autonomous region, or municipality)

3. A complete list identifying and providing the last known contact information for your Institution's faculty and staff (including full and part time employees and contractors) involved in the administration, direction, or scientific and/or other research cooperation, fund raising, or any other efforts involving (a) the Wuhan MCL; and/or (b) persons employed by or agents for any of the entities listed in section 2(a)-(w) above. The geographic location of your Institution's faculty and staff and/or of the persons employed by or agents for any of the listed entities is not determinative of your obligations hereunder (e.g. *all* employees, agents, lobbyists, and attorneys of or for the listed entities must also be identified and disclosed regardless of citizenship and place of residence). Provided contact information should include names, position(s) held, email addresses, mailing addresses, phone numbers, and a brief description of the administration, direction, scientific and/or other research cooperation, fund raising, and/or other efforts associated with the listed person.

4. A complete list identifying and providing last known contact information for your Institution's administrators, contractors, or other personnel with responsibility for and/or oversight of faculty and staff involved in any capacity with the Wuhan MCL. The geographic location of the administrators, contractors, or other personnel at the time of cooperation or other execution of efforts is in no way determinative of such involvement. Provided contact information should include names, specific responsibilities, position(s) held, email addresses, mailing addresses, and phone numbers.

5. All records (including but not limited to emails and true copies of contracts and/or gift or donation agreements) of, regarding, or relating to (a) the Wuhan MCL, the Chinese Academy of Sciences, Wuhan MCL researcher Shi Zhengli, and Eric Yuan, Chief Executive Officer of Zoom Communications; and/or (b) any gift, contract, or conditional gift or contract from or with the Communist Party of China, its agents, employees, representatives, and instrumentalities.

6. All records (including but not limited to emails and true copies of contracts and/or gift or donation agreements) of, regarding, or related to gifts, contracts and/or restricted or conditional gifts or contracts to or with the Institution from or with any foreign source. The time frame for this request is January 1, 2016, to the present.

The Department requests that UT produce records as follows:

James B. Milliken, Chancellor
University of Texas System
Page 4 of 6

- Searches for records in electronic form should include searches of all relevant mobile devices, hard drives, network drives, offline electronic folders, thumb drives, removable drives, records stored in the cloud, and archive files, including, but not limited to, backup tapes. Do not time stamp or modify the content, the create date, or the last date modified of any record and do not scrub any metadata. Electronic records should be produced in native format. For e-mails, please place responses in one .pst file per employee. For .pdf files, please provide searchable file format and not image file format.

- All email searches should be conducted by the agency's information technology department, or its equivalent, and not by the individuals whose records are being searched. Please provide the name and contact information of the individual(s) who conducted the search, as well as an explanation of how the search was conducted.

- To the extent practicable, please produce all records in a searchable electronic format and not hardcopies. Should you have any questions about the method or format of production please contact the undersigned to coordinate.

As used in this Notice of Investigation and Information Request:

"Agent" has its plain and ordinary meaning, indicating that a person, organization, or entity, is acting on behalf of another person, organization, or entity, whether that agency is disclosed or undisclosed.

"Contract" has the meaning given at 20 U.S.C. § 1011f(h)(1).

"Faculty" refers to all teaching positions at the university (including professors of all ranks, teachers, lecturers, and/or researchers whether in a classroom, laboratory, or other educational environment – whether physically or electronically present).

"Foreign source" has the meaning given at 20 U.S.C. § 1011f(h)(2).

"Gift" has the meaning given at 20 U.S.C. § 1011f(h)(3).

"Institution" has the meaning given at 20 U.S.C. § 1011f(h)(4) and for the purposes of this request includes all UT campuses and facilities. Section 117 requires that when an institution receives the benefit of a gift from or a contract with a foreign source in the applicable amount, even if by an agent (e.g., employee) and through an intermediary (e.g., non-profit organization), it must disclose the gift or contract to the Department. Where a legal entity (e.g., centers, boards, foundations, research groups, partnerships, or non-profit organizations, whether or not organized under the laws of the United States and including, by way of example and not limitation, UTMB and GNL) operates substantially for the benefit or under the auspices of an IHE, there is a rebuttable presumption that when that legal entity receives money or enters into a contract with a foreign source, it is for the benefit of the institution, and, thus, must be disclosed.

James B. Milliken, Chancellor
University of Texas System
Page 5 of 6

"Record" means all recorded information, regardless of form or characteristics, made or received, and including metadata, such as email and other electronic communication, word processing documents, PDF documents, animations (including PowerPoint™ and other similar programs) spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, network access information, writings, drawings, graphs, charts, photographs, sound recordings, images, financial statements, checks, wire transfers, accounts, ledgers, facsimiles, texts, animations, voicemail files, data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook), data created with the use of personal data assistants (PDAs), data created with the use of document management software, data created with the use of paper and electronic mail logging and routing software, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. The term "recorded information" also includes all traditional forms of records, regardless of physical form or characteristics.

"Restricted or conditional gift or contract" has the meaning given at 20 U.S.C. § 1011f(h)(5).

"Staff" refers to all members of the university involved in administration of the university and its obligations and commitments (including deans of all ranks, administration officials, and support personnel).

"Wuhan MCL" refers to the maximum biocontainment laboratory in Wuhan, China, as referenced in GNL documents, and which may also be known as the Wuhan Institute of Virology.

If UT asserts attorney-client or attorney-work product privilege for a given record, then it must prepare and submit a privilege log expressly identifying each such record and describing it so the Department may assess the claim's validity. Please note that no other privileges apply. UT's record and data preservation obligations are outlined at Exhibit A.

Please note that Section 117(f), 20 U.S.C. § 1011f(f), provides that whenever it appears an IHE has failed to fully comply with the law, the Secretary of Education may, among other things, request that the Attorney General commence an enforcement action to compel compliance and to recover the full costs to the United States of obtaining compliance, including all associated costs of investigation and enforcement.  Please further note there may also be other penalties triggered by the knowing and intentional submission of false reports and/or information.

The Department recognizes that the COVID-19 virus may have a significant impact on certain UT operations. Nonetheless, the critical importance of the Department's investigation into the accuracy of UT's foreign source reporting with respect to the Wuhan MCL and other Chinese Communist Party-related persons and entities is not diminished. Accordingly, the Department expects UT's timely response to this investigation.

James B. Milliken, Chancellor
University of Texas System
Page 6 of 6

      This investigation is being directed by the Department's Office of the General Counsel. To arrange transmission of the requested information, or should you have any other questions, please contact:

    Paul R. Moore, Esq.
    Office of the General Counsel
    U.S. Department of Education
    400 Maryland Ave., S.W., Room 6E300
    Washington, D.C. 20202
    Paul.Moore@ed.gov

                        Sincerely yours,

                                                    4/24/2020


X  Reed D. Rubinstein

               Signed by: Reed Rubinstein

Reed D. Rubinstein
Principal Deputy General Counsel delegated
the authority and duties of the General Counsel

Attachment

# EXHIBIT A

## RECORD PRESERVATION REQUIREMENTS

This investigation requires preservation of all information from your institution's computer systems, removable electronic media, filing systems, and other locations relating to the matters that are the subject of the Notice of Investigation. You should immediately preserve all data and information about the data (i.e., backup activity logs and document retention policies) relating to records maintained in the ordinary course of business and that are covered by the Notice of Investigation. Also, you should preserve information available on the following platforms, whether in your possession or the possession of a third party, such as an employee or outside contractor: databases, networks, computer systems, including legacy systems (hardware and software), servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voicemail). You should also preserve all hard copies of records regardless of location.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Accordingly, you must take every reasonable step to preserve relevant records. "Reasonable steps" with respect to these records include:

- Notifying in writing all potential custodians and IT personnel who may have relevant records of their preservation obligations under this investigation.
- Discontinuing all data and document destruction policies.
- Preserving all metadata.
- Preserving relevant records and/or hardware unless an exact replica of the file (a mirror image) is made.
- Preserving passwords, decryption procedures (and accompany software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software.
- Maintaining all other pertinent information and tools needed to access, review, and reconstruct necessary to access, view, and/or reconstruct all requested or potentially relevant electronic data.

You have an obligation to preserve all digital or analog electronic files in electronic format, regardless of whether hard copies of the information exist, with all metadata. This includes preserving:

- Active data (i.e., data immediately and easily accessible today).
- Archived/journaled data (i.e., data residing on backup tapes or other storage media).
- Deleted data (i.e., data that has been deleted from a computer hard drive but is recoverable through computer forensic techniques).
- Legacy data (i.e., data created on old or obsolete hardware or software).